UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>RAYMOND HOLCOMB BREWER,<br><br>   Defendant. | Case No.: 1:20-cr-00198 JLT BAM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 86) |

Raymond Holcomb Brewer is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero-point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 86.) The government opposes the motion, conceding that Defendant is eligible for the reduction he seeks but that the sentencing factors set forth in 18 U.S.C. § 3553(a) warrant a denial of Defendant's motion. (Doc. 88.) Defendant replied to the opposition. (Doc. 89.) For the reasons set forth below, Defendant's motion is **DENIED**.

**I.     Background**

On February 27, 2023, pursuant to a written plea agreement, Defendant pled guilty to three counts of a 24-count indictment: wire fraud in violation of 18 U.S.C. § 1343 (Count 1); aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 10); and money laundering and aiding and abetting in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 2 (Count 11). (*See* Doc. 65 at 2; Doc. 72 at 4 ¶ 1.) The charges stemmed from Defendant defrauding investors out of more than $8.3 million by

1

assuring the investors the money would be used to build anaerobic digestors for the purpose of producing renewable energy tax credits for the investors. Instead, he falsified reports, energy credits, agreements, and invoices, and spent nearly all the money for personal gain, including repaying some previously defrauded investors, which enabled him to continue his fraudulent scheme and maintain his lavish lifestyle. (*See generally* Docs. 1, 72.)

Following Defendant's guilty plea, the probation office prepared a "Presentence Investigation Report" was prepared by the probation officer. (Doc. 72.) The PSR calculated a total offense level of 25 applicable to Counts 1 and 11, which included the following adjustments: an 18-level increase under U.S.S.G. § 2B1.1(b)(1)(J) for a loss amount of $8,373,000.00; a 2-level increase pursuant to § 2S1.1(b)(2)(B) for Defendant's conviction under 18 U.S.C. § 1956; a 2-level increase under § 2S1.1(b)(3) based on the offense involving sophisticated laundering; and a 3-level reduction for acceptance of responsibility. (*See id.*, PSR ¶¶ 25, 28, 30-31, 37-38.) Defendant was assigned zero criminal history points and zero status points, which placed him in criminal history category I, according to the sentencing table at U.S.S.G. Chapter 5, Part A. (PSR ¶¶ 45-47.) Based on Defendant's offense level and criminal history category, the advisory guideline imprisonment range was 57 to 71 months on Counts 1 and 11. (PSR ¶ 75.) The guideline sentence for Count 10 was the term required by 18 U.S.C. § 1028A—two years—which was required to run consecutively to any other counts. (PSR ¶¶ 39, 74.) The probation officer did not identify any sentencing factors set forth in 18 U.S.C. § 3553(a)(2) that warranted a sentence outside the advisory guideline system, but based on Defendant's age and the fact that he had no prior convictions, the probation officer recommended that Defendant be sentenced at the low-end of the guideline range. (PSR ¶¶ 97-101; Doc. 72-1 at 2.)

The Court held the sentencing hearing on June 26, 2023. (Doc. 76.) The Court determined that the findings in the PSR were true and correct, with the exception of paragraph 3 of the sentencing recommendation justification, which was amended to correct a typographical error reflecting that Defendant had *no* prior convictions. (Statement of Reasons ("SOR") at 1; *compare* Doc. 72-1 at 2, *with* Doc. 75 at 2.) The Court imposed a low-end guideline sentence of 57 months in custody on each of Counts 1 and 11, to be served concurrently to each other, and a term of 24 months on Count 10, to be served consecutively to the 57-month terms imposed on Counts 1 and 11, for a total term of 81

1 months, followed by a 36-month term of supervised release. (Doc. 77 at 2-3.) Defendant is currently
2 incarcerated at Federal Correctional Institution, Lompoc II, in Lompoc, California. *Find an inmate*,
3 FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited April 25, 2025.)
4 His current projected release date is January 28, 2026. *Id.*

## II.  Legal Standard

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. Section 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (Nov. 1, 2023).

As such, the court conducts a two-step inquiry to determine if a prisoner is eligible for relief under § 3582(c)(2). *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon*, 560 U.S. at 826); *see also United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (same). The court begins by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). If a defendant is found "eligible" under the first step, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine whether, in its discretion, "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *Dunn,* 728 F.3d at 1155. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary

1  prong.'" *Brito*, 868 F.3d at 880 (quoting *Dunn*, 728 F.3d at 1157).

2         As to the eligibility prong, Part B, Subpart 1 of Amendment 821 to the U.S. Sentencing
3  Guidelines provides a two-offense-level reduction for certain "zero-point offenders" who present zero
4  criminal history points and satisfy the remaining criteria listed in U.S.S.G. § 4C1.1(a)(2)-(10). As to
5  the discretionary prong, the 18 U.S.C. § 3553(a) factors are: (1) the nature and circumstances of the
6  offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to
7  reflect the seriousness of the offense, promote respect for the law, provide just punishment for the
8  offense, afford adequate deterrence, protect the public from further crimes of the defendant and
9  provide the defendant with needed educational or vocational training, medical care, or other
10 correctional treatment in the most effective manner, (3) the kinds of sentences available, (4) the kinds
11 of sentence and the sentencing range established for the applicable category of offense committed by
12 the applicable category of defendant as set forth in the Guidelines, (5) any pertinent policy statement
13 issued by the Sentencing Commission, (6) the need to avoid unwarranted sentence disparities among
14 defendants with similar records who have been found guilty of similar conduct, and (7) the need to
15 provide restitution to any victims of the offense.

16 **III.     Analysis**

17        Defendant asks the Court to reduce his sentence under the "zero-point offender" provision of
18 Amendment 821. He contends that under Amendment 821, his adjusted offense level would have been
19 23 rather than 25, resulting in an advisory sentencing guideline range of 46 to 57 months as to Counts
20 1 and 11. (Doc. 86 at 2.) In light of Defendant's previous low-end guideline recommendation and
21 sentence, he requests that his sentence on Counts 1 and 11 be reduced to the new low-end guideline
22 term of 46 months, plus the previously imposed 24-month term on Count 10, for a total term of 70
23 months. (*See id.*) The government concedes, and the Court confirms, that Defendant is eligible for a
24 two-offense-level reduction under Part B, Subpart 1 of Amendment 821. *See* U.S.S.G. Ch. 5, Pt. A.
25 Thus, the Court will consider the applicable § 3553(a) factors under the discretionary prong.

26        Defendant's counsel argues that a reduction is warranted in this case because of Defendant's
27 "age, ongoing health concerns, and exemplary custodial adjustment." (Doc. 86 at 5.) He notes an
28 "extremely low" recidivism score, "a spotless disciplinary history[,] and remarkable record of post-

4

sentence rehabilitation." (*Id.* at 2, 4.) Attached to Defendant's motion is a Recidivism Risk Assessment from October 5, 2023, which indicates a general recidivism risk score of -7 (minimum) and a violent recidivism risk score of -4 (minimum). (*See id.* at 8.) As of April 9, 2024, his score had lowered to -13 and -6, respectfully. (*Id.* at 5, 13.) Counsel also contends Defendant has been a "model inmate," completing numerous educational and vocational courses, leading Bible studies, and using his custodial time to guide younger inmates, despite his "substantial" health issues. (*Id.* at 4-5.)[1] Finally, he notes that Defendant's health has declined since his arrival at FCI Lompoc, with his care level increasing from a level 2 (stable chronic care) to a level 3 (unstable complex, chronic care) within 6 months. (*See id.* at 5, 10, 14.) Defendant, who is 70 years old, was also reportedly rushed to the hospital after suffering a "possible heart attack" due to a blood clot in his leg. (*Id.* at 5.)

The government submits that the sentencing factors do not warrant a reduction, noting that Defendant's fraudulent activity was "long-running, sophisticated, and costly." (Doc. 88 at 2.) It asserts that at sentencing, the Court found that Defendant had lied to Pretrial Services and the Probation Office in attempts to be released on bail and receive a lesser sentence. (*Id.* at 1-2, citing Doc. 72-1 at 2; Doc. 74 at 3-5.) It further asserts that the Court explained that "it did not believe much, if anything" Defendant said, and that his lies "easily justified" the 81-month sentence recommended (Doc. 88 at 1-2.) In reply, Defendant asserts that with respect to the incident involving statements made to the Probation Office, "[n]either Probation nor the Court actually determined he gave false information." (Doc. 89 at 1.)[2] In any event, this information is largely the same information presented to the Court

---

[1] Defense counsel cites to Exhibits B and C of Defendant's sentencing memorandum, (Doc. 73 at 13-45) which indicate over 40 courses completed by Defendant while housed at the Fresno County Jail. (*See* Doc. 86 at 4; Doc. 73 at 13-45.) Records attached to Defendant's motion indicate additional courses completed during his time at FCI Lompoc. (Doc. 86 at 14.)

[2] The Probation Office incident concerned Defendant's alleged involvement in attempting to rescue a nurse at the Fresno County Jail who was being sexually assaulted by another inmate. Defendant's sentencing memorandum stated that his attempt aggravated a prior knee injury and that defense counsel had unsuccessfully attempted to obtain an incident report to confirm Defendant's involvement. (Doc. 73 at 3.) The PSR confirmed that Fresno County Jail records indicated Defendant's history of knee issues but reported that there was no information naming the inmates involved in the rescue attempt or any injuries it caused. It stated that there "appear[ed] to be inconsistencies" between statements made by Defendant and information contained in the Pretrial Services Report. (PSR ¶ 59; Doc. 72-1 at 2.)

Notably, defense counsel filed a declaration with Defendant's reply brief, in which he declared that the attorney of the nurse's assailant confirmed that Defendant was listed in the Sheriff's report as one of the witnesses to the alleged assault. (Doc. 89 at 3.) The Court at the time did not disagree that Defendant was a witness; rather, the Court disbelieved that he played any meaningful role in the event.

prior to sentencing and recognized in the PSR, which the Court adopted. (*See* PSR ¶ 59; Doc. 72-1 at 2; SOR at 1.)

The government also contends that Defendant's health-related arguments are improper, as they may only be raised and considered pursuant to a motion under 18 U.S.C. § 3582(c)(1)(A) and his concerns, which the Court already considered at the time of sentencing, "have not materially changed." (Doc. 88 at 2 n.1.) In reply, Defendant argues that his health concerns have worsened and are relevant for consideration, as they are "characteristics of the defendant" and pertain to his increased need for medical care. (Doc. 89 at 2.)

Having considered the § 3553(a) factors and the information provided by the parties, the Court finds that a sentence reduction is not warranted. The Court acknowledges that had the Amendments been in place at the time of his sentencing, Defendant would have received the two-level reduction in his offense level. However, if that had happened, the Court would not have imposed the low-end guideline range. Defendant's conduct justified the sentence imposed.

In noting this, the Court also acknowledges that Defendant is 70 years old and has escalating medical issues. He has no prior criminal convictions, no history of alcohol or drug abuse, a low risk of recidivism, a clean disciplinary record, and has displayed exceptional rehabilitation while in BOP custody. He has served approximately two-thirds of his 81-month sentence to date. These factors, however, when coupled with the seriousness of Defendant's offense, are insufficient to justify the reduced sentence sought. The Court previously considered the nature and characteristics of Defendant's offense, along with the remaining relevant § 3553(a) factors, in determining that the sentence imposed was reasonable and sufficient but no greater than necessary to comply with the purposes stated at 18 U.S.C. § 3553(a). Thus, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), is **DENIED**.

IT IS SO ORDERED.

Dated:  **April 29, 2025**

UNITED STATES DISTRICT JUDGE